IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GRIESING LAW, LLC | : <br> : <br> : |
| v. | :     CIVIL ACTION NO. 2:22-cv-03302-PD <br> : |
| KLEINBARD LLC | : <br> : <br> : |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Griesing Law, LLC ("Griesing Law"), by and through its undersigned counsel, hereby files this Motion for Leave to File a Supplemental Complaint to add a count of defamation against Kleinbard (the "Motion") pursuant to Rule 15 of the Federal Rules of Civil Procedure and in support thereof states as follows:

**I.   FACTUAL BACKGROUND**

Griesing Law commenced this action against Kleinbard LLC ("Kleinbard") on August 18, 2022 by filing a four-count Complaint in which Griesing Law asserts claims for breach of contract, unjust enrichment, tortious interference, and negligent misrepresentation (ECF No. 1) (the "Complaint"). Following Griesing Law's filing of the Complaint, a reporter from the popular legal news publication, *The Legal Intelligencer*, contacted Griesing Law seeking a comment regarding the Complaint. Griesing Law declined to speak to the reporter.

On August 19, 2022, *The Legal Intelligencer* published an article regarding Griesing Law's Complaint against Kleinbard. Justin Henry, *Kleinbard Used Women-Owned Firm's Diversity Status to Get Six-Figure Pa. Contracts, Suit Claims*, The Legal Intelligencer, Aug. 19, 2022 (the "Article"). In the Article, Kleinbard Managing Partner, Matthew H. Haverstick ("Haverstick"), is quoted as follows: "Anyone who knows Kleinbard, and in particular the lawyers working on cases

in the lawsuit, knows that the allegations are outrageous and wrong and we will put the lie to them when we respond to the complaint." Griesing Law now seeks leave from this Court to file a supplemental complaint adding a claims against Kleinbard for defamation. A draft of Griesing Law's Supplemental Complaint is Attached hereto as **Exhibit 1.**

## II.  LEGAL ARGUMENT

Federal Rule of Civil Procedure 15(d) states "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. . . ." Determining whether or not to grant a motion to file a supplemental pleading is wholly within the discretion of the trial court and "[a]n application for leave to file a supplemental pleading. . .should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the parties." *Cash v. Wetzel*, 8 F. Supp. 3d 644, 658 (E.D. Pa. 2014) (second alteration in original) (quoting *Evans v. Lehman*, No. CIV. A. 94–2430, 1995 WL 82526 (E.D. Pa. February 28, 1995)).

In effect, Rule 15(d) allows plaintiffs to file supplemental pleadings to "bring[] the action 'up to date,'" when additional facts occur after the filing of the complaint that affect the controversy and the relief sought. *Cont'l Life Ins. Co. v. Shearson Lehman Hutton Inc.*, No. CIV. A. 88-9279, 1990 WL 171593, at *1 (E.D. Pa. Oct. 31, 1990) (quoting *Weisbord v. Michigan State University*, 495 F. Supp. 1347. (W.D.Mich.1980)). Accordingly, courts routinely grant plaintiffs leave to file supplemental complaints where the supplemental facts and cause of action are directly related to the plaintiffs' filing of the original complaint. *See Cash,* 8 F. Supp. 3d at 658 (granting

the plaintiff leave to file a supplemental complaint where the plaintiff claimed he was retaliated against for initiating the action); *Evans*, 1995 WL 82526 at *2 (same).

Here, Griesing Law seeks to bring its dispute with Kleinbard "up to date" by including facts and causes of action related to Kleinbard and Haverstick's defamatory statements following Griesing Law's initiation of this litigation; accordingly, this Court should grant Griesing Law leave to file a supplemental complaint. Additionally, as this litigation is in its early stages—Kleinbard has not yet responded to Griesing Law's Complaint—Kleinbard will not be prejudiced by Griesing Law's filing of a supplemental complaint.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully prays that this Court grant Griesing Law's Motion for Leave to File a Supplemental Complaint.

Dated:  August 26, 2022          Respectfully submitted,

                                 GRIESING LAW, LLC


                                 */s/ Julie Negovan, Esq.*
                                 Julie Negovan, Esq.
                                 Melissa Hazell Davis, Esq.
                                 R. Keith Petersen, Esq.
                                 Identification Nos. 81231; 318298; and 328934
                                 1880 John F. Kennedy Blvd., Suite 1800
                                 Philadelphia, PA 19103
                                 (215) 618-3720
                                 (215) 814-9049 [fax]
                                 jnegovan@griesinglaw.com
                                 mdavis@griesinglaw.com
                                 kpetersen@griesinglaw.com
                                 ***Attorneys for Plaintiff***