IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GRIESING LAW, LLC,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 22-3302 |
| | : | |
| **KLEINBARD LLC,** | : | |
|     Defendant. | : | |

**O R D E R**

  Plaintiff Griesing Law, LLC has filed a six-Count Complaint against Kleinbard LLC, alleging breach of contract, unjust enrichment, tortious interference, fraudulent misrepresentation, and negligent misrepresentation.  (Compl. (Doc. No. 1) ¶¶ 126-62.)  Days after the first filing, Griesing filed a Motion for Leave to File a Supplemental Complaint adding a defamation claim.  (Doc. No. 7.)  Because the claim is not viable, I will deny Griesing's Motion on futility grounds.

  **I.**  **ALLEGATIONS AND PROCEDURAL HISTORY**

  Griesing alleges that Kleinbard contracted with Griesing to act as Kleinbard's subcontractor in connection with Kleinbard's responses to Requests for Proposals for the provision of legal services to the Commonwealth.  (Compl. ¶¶ 15, 47, 49-58.)  Pursuant to some of the RFPs, the Commonwealth awarded contracts to Kleinbard, which purportedly concealed those awards from Griesing.  (Id. ¶¶ 59-95.)  Griesing thus alleges that Kleinbard used Griesing's status as a "certified women-owned and diverse law firm," to obtain Commonwealth contracts to provide legal services, but then "cut Griesing Law out and lied to the Commonwealth about Griesing Law's ability and willingness to do the work."  (Id. at 1.)

  On August 19, 2022—the day after Griesing's Complaint was filed—The Legal Intelligencer published an article on the matter.  Justin Henry, <u>Kleinbard Used Women-Owned</u>

1

Firm's Diversity Status to Get Six-Figure Pa. Contracts, Suit Claims, Legal Intelligencer, Aug. 19, 2022.  Kleinbard managing partner Matt Haverstick is quoted: "Anyone who knows Kleinbard, and in particular the lawyers working on cases in the lawsuit, knows that the allegations are outrageous and wrong and we will put the lie to them when we respond to the complaint."  Id.

On August 26, 2022, Griesing sought leave to add a defamation claim against Kleinbard based on Haverstick's quoted statement.  (Doc. No. 7.)  Kleinbard urges me to deny the Motion.  (Doc. No. 12.)

**II.     LEGAL STANDARDS**

I may, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Because a supplemental pleading under Rule 15(d) sets forth additional events that occurred after the original complaint was filed, it "promotes a complete adjudication of the dispute between the parties."  Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019).  The Court should allow the filing of a supplemental complaint "when doing so will promote the justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience and will not prejudice the rights of any parties to the action."  Cash v. Wetzel, 8 F. Supp. 3d 644, 652 (E.D. Pa. 2014) (quoting Bates v. W. Elec., 420 F. Supp. 521, 525 (E.D. Pa. 1976)).

The Court should also consider the factors that weigh against allowing amendment: "undue delay, bad faith, dilatory motive, prejudice, and futility."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  If the complaint, as amended, does not state a claim upon which relief could be granted, the amendment is futile.  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

III. DISCUSSION

Kleinbard urges that the "claim of defamation [Griesing] seeks to assert against Kleinbard is implausible." (Doc. No. 12 at 1.) I agree.

Under Pennsylvania law, Griesing must make out: (1) the defamatory character of Haverstick's communication; (2) its publication by Kleinbard; (3) its application to Griesing; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to Griesing; (6) special harm resulting to Griesing from its publication; and (7) abuse of a conditionally privileged occasion. See 42 Pa. Cons. Stat. Ann. § 8343(a); see also Eck v. Oley Valley Sch. Dist., 431 F. Supp. 3d 607, 631 (E.D. Pa. 2019); Joseph v. Scranton Times, L.P., 129 A.3d 404, 424-25 (Pa. 2015). Because Griesing seeks to bring a claim of defamation per se, it need not make out special harm. Franklin Prescriptions, Inc. v. N.Y. Times Co., 424 F.3d 336, 341-42 (3d Cir. 2005).

Kleinbard argues that: (1) Haverstick's quoted statement is not defamatory; (2) the proposed Supplemental Complaint fails to include any allegations making Griesing's accusations of harm plausible; and (3) Haverstick's statement should be protected by Pennsylvania's judicial privilege. (Doc. No. 12 at 2.)

Defamatory Meaning

Haverstick purportedly said that the allegations against Kleinbard are "outrageous" and "wrong," and that in its responsive pleading, Kleinbard "will put the lie to them." (Doc. No. 7-2 ¶ 179.) Whether this statement could have a defamatory meaning is a "threshold issue" to be determined by the Court. Gibney v. Fitzgibbon, 547 F. App'x 111, 113 (3d Cir. 2013).

A statement is defamatory if it tends "to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."

Remick v. Manfredy, 238 F.3d 248, 261 (3d Cir. 2001) (quoting Tucker v. Fischbein, 237 F.3d 275, 282 (3d Cir. 2001)) (noting that the Court must view the statement "in context"). Being "embarrassed or annoyed" is "not enough"; the plaintiff "must have suffered the kind of harm which has grievously fractured his standing in the community of respectable society." Mzamane v. Winfrey, 693 F. Supp. 2d 442, 477 (E.D. Pa. 2010) (quoting Tucker v. Phila. Daily News, 848 A.2d 113, 124 (Pa. 2004)). Mere use of colorful language, catchy phrases, or hyperbole does not alone render statements defamatory. Redco Corp. v. CBS, Inc., 758 F.2d 970, 972 (3d Cir. 1985). Accordingly, the suggestions that Griesing's allegations are "outrageous" and "wrong" are not defamatory.

Describing someone "as deceitful in performance of her job duties," however, can be defamatory. Winfrey, 693 F. Supp. 2d at 492-93; see Smith v. Wagner, 588 A.2d 1308, 1311 (Pa. Super. Ct. 1991) (calling the plaintiff a liar can be defamatory under Pennsylvania law); see also Burns v. Cooper, 244 A.3d 1231, 1238 (Pa. Super. Ct. 2020), appeal denied, 252 A.3d 235 (Pa. 2021); cf. Rockwell v. Allegheny Health, Educ. & Rsch. Found., 19 F. Supp. 2d 401, 405 (E.D. Pa. 1998) (citing Wendler v. DePaul, 499 A.2d 1101 (Pa. Super. Ct. 1985)) (negative statements that "did not accuse the [plaintiff-appellant] of dishonesty or anything similar that would blacken his reputation" were not defamatory).

A statement of opinion is not necessarily defamatory, even if it is pejorative. Opinion that is not based on disclosed facts is actionable, but pure opinion based on disclosed facts is non-actionable. Rockwell, 19 F. Supp. 2d at 406.

> A simple non-actionable expression of opinion occurs when a person expresses a comment as to another's conduct, qualifications or character after either stating the facts on which he bases his opinion or when both parties to the communication know the facts or assume their existence.

Id.; see Remick, 238 F.3d at 261 ("In Pennsylvania, an opinion cannot be defamatory unless it 'may reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion.'" (quoting Baker v. Lafayette Coll., 532 A.2d 399, 402 (Pa. 1987))); see also Downs v. Schwartz, No. 14-CV-630, 2015 WL 4770711, at *21-22 (E.D. Pa. Aug. 12, 2015).

Kleinbard urges that Haverstick's statements "were inactionable opinions regarding the professionalism and reputation of his firm, along with a pronouncement of his future intention to vigorously defend against the asserted claims." (Doc. No. 12 at 9.) Kleinbard relies heavily on Judge Restrepo's decision in Downs v. Schwartz, in which the Court held that use of the term "baseless" did not "transform [an] otherwise accurate summary into a statement with a defamatory meaning." 2015 WL 4770711, at *16. The term "baseless" was included in a letter to the editor of The Legal Intelligencer after a "summary of the procedural history of the relevant legal actions[, which] was accurate." Id.

Although neither Party addresses the second defamation Count in Downs, I find it instructive. Judge Restrepo ruled that statements that the plaintiff was "dishonest" were pure opinion incapable of defamatory meaning because the sole recipients of the comments "were already aware of all the relevant facts underlying" the opinion. Id. at *21-22.

Here, Haverstick's stated belief that Kleinbard's responsive pleading would "put the lie to" Griesing's allegations respecting Kleinbard's allegedly wrongful conduct is obviously a statement of Haverstick's opinion based on his knowledge as managing partner that Kleinbard had not acted wrongfully. Surely the readers of The Legal Intelligencer—overwhelmingly lawyers and judges—understood this remark as typical of the back and forth related to litigation. Haverstick did not "imply the existence of undisclosed defamatory facts justifying [his] opinion." Remick, 238 F.3d at 261. Accordingly, Haverstick's stated opinion was not defamatory.

Application to Griesing

If Haverstick's comment cannot reasonably be viewed as applying to Griesing, the defamation claim fails. See 42 Pa. Cons. Stat. Ann. § 8343(a). "It is not enough that plaintiff understands the communication to be about him." Zerpol Corp. v. DMP Corp., 561 F. Supp. 404, 410 (E.D. Pa. 1983)). If a defamed party is "pointed to by description or circumstances tending to identify her," she need not be specifically named in a defamatory statement to recover. Weinstein v. Bullick, 827 F. Supp. 1193, 1199 (E.D. Pa. 1993).

By its language, the Haverstick comment applied to allegations in Griesing's Complaint, not to Griesing itself. The readers of The Legal Intelligencer could thus construe the comment as directed at: (1) counsel authoring the allegations; (2) any affiant of the Complaint's verification; or (3) the Party in whose name the allegations were made. See Binder v. Daily News Pub. Co., 33 Pa. Super. 411, 425 (Pa. Super. Ct. 1907) ("[A]n attack upon a thing may be defamatory of the owner of that thing, or of others immediately connected with it."). Three lawyers apparently authored the Complaint. Although the Complaint was not verified, the Article did not so indicate. Haverstick's comment thus could have been directed at as many as five different people or entities, including Griesing.

This ambiguity is fatal to Griesing's defamation claim. To be viable, the claimed statement must clearly be directed at only the entity defamed. Abramson v. Pataki, 278 F.3d 93, 102 (2d Cir. 2002). A defamation claim is "insufficient if a statement merely makes reference to the plaintiff as a member of a group (the 'group libel doctrine')." Id.; see also Elias v. Rolling Stone LLC, 872 F.3d 97, 107-08 (2d Cir. 2017). Defamatory words "must refer to some ascertained or ascertainable person, and that person must be the plaintiff." Schonek v. WJAC, Inc., 258 A.2d

504, 507 (Pa. 1969); see also Zerpol, 561 F. Supp. at 411 (discussing a "description [that] pointed directly to the plaintiff").

Statements "criticizing a corporation, without more, are not defamatory of a person connected with it." Medure v. Vindicator Printing Co., 273 F. Supp. 2d 588, 619 (W.D. Pa. 2002) (quoting Volomino v. Messenger Publ'g Co., 189 A.2d 873, 874 n.1 (Pa. 1963)); see also Kirch v. Liberty Media Corp., 449 F.3d 388, 398 (2d Cir. 2006) (collecting cases). Conversely, a defamatory statement about a law firm partner is not defamatory of the law firm. See Cohn v. Nat'l Broad. Co., 414 N.Y.S.2d 906, 909 (N.Y. App. Div. 1979), aff'd, 50 N.Y.2d 885 (N.Y.), cert. denied, 449 U.S. 1022 (1980). Clarity as to whom Haverstick directed his comment is thus critical. Because the statement's application to Griesing was not at all clear, the defamation claim fails for this reason as well.

## IV.    CONCLUSION

Griesing's defamation claim is implausible on two alternative grounds. Accordingly, I will deny Griesing's Motion on the basis of futility. In light of my decision, I will not address Kleinbard's other grounds for denying the Motion.

\*            \*            \*

**AND NOW**, this 19th day of October, 2022, it is hereby **ORDERED** that Plaintiff's Motion for Leave to file a Supplemental Complaint (Doc. No 7) is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.