# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**GRIESING LAW, LLC,**

                  Plaintiff,

    v.

**KLEINBARD LLC,**

                Defendant.

CIVIL ACTION
No. 2:22-cv-03302

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(h)(3), OR IN THE ALTERNATIVE, FOR SUMMARY
<u>JUDGMENT PURSUANT TO RULE 56</u>**

**HOLLAND & KNIGHT LLP**
Nipun J. Patel (PA Bar ID 208130)
Nipun.Patel@hklaw.com
Patrick J. McCabe (PA Bar ID 203910)
Patrick.McCabe@hklaw.com
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
(215) 252-9600

Dated: June 9, 2023          *Attorneys for Defendant*

# **TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT ...................................................................1

II.  PROCEDURAL HISTORY ......................................................................3

III.  STATEMENT OF FACTS .......................................................................3

IV.  ARGUMENT...........................................................................................4

    A.  Relevant Legal Standards.................................................................4

    B.  Kleinbard Is Entitled to Dismissal Under Fed. R. Civ. P.
        12(h)(3) as There Is No Case or Controversy for this Court to
        Decide...............................................................................................6

    C.  Kleinbard Is Entitled to Summary Judgment as Plaintiff Failed
        to Exhaust Its Required Contractual/Administrative Remedies .........10

    D.  Kleinbard Is Entitled To Summary Judgment as Plaintiff
        Cannot Prove Damages....................................................................14

    E.  Kleinbard is Entitled to Summary Judgment on Plaintiff's
        Unjust Enrichment Claim as an Express Written Contract Exists
        And There is No Evidence of Kleinbard Being "Unjustly
        Enriched"..........................................................................................19

V.  CONCLUSION .......................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aetna Inc. v. Mednax, Inc.*,
  No. 18-2217, 2021 WL 949454 (E.D. Pa. Mar. 12, 2021) ................... 15, 16, 17

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ........................................................................................6

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ......................................................................................5

*ASTech Intern., LLC v. Husick*,
  676 F.Supp. 2d 389 (E.D. Pa. 2009) ..............................................................19

*B.H. Deacon Co. v. U.S.*,
  189 F.Supp. 146 (E.D.Pa. 1960) ....................................................................12

*B.V., Plaintiffs, v. Cherry Hill Twship.*,
  No. 121CV18096, 2023 WL 2662697 (D.N.J. Mar. 28, 2023) ..........................7

*Brandt Indus. v. Pitonyak Mach. Corp.*,
  No. 1:10-CV-0857-TWP-DML, 2012 WL 4027241 (S.D. Ind.
  Sept. 12, 2012) ...........................................................................................18

*Campbell-Ewald Co. v. Gomez*,
  577 U.S. 153 (2016) ......................................................................................6

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ...............................................................................5, 14

*Gomez v. Markley*,
  No. 07-868, 2011 WL 112886 (E.D. Pa. Jan. 13, 2011) ..................................14

*Gould Electronics Inc. v. United States*,
  220 F.3d 169 (3d Cir. 2000) ...........................................................................4

*Hill v. Reederei F. Laeisz G.M.B.H., Rostok*,
  435 F.3d 404 (3d Cir. 2006) .........................................................................15

*Jackson v. Hands on Nursing, Inc.*,
   1:18-CV-2442, 2019 WL 2355376 (M.D. Pa. June 4, 2019) ..............................7

*Kindred Hosps. E., LLC v. Horizon Healthcare Servs., Inc.*,
   No. CV 17-8467 (JLL), 2019 WL 643604 (D.N.J. Feb. 14, 2019) ....................4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986)...........................................................................................5

*McNeil v. Greyhound Lines, Inc.*,
   69 F. Supp. 3d 513 (E.D. Pa. 2014)...................................................................5

*Palmgreen v. Palmer's Garage, Inc.*,
   117 A.2d 721 (Pa. 1955) ....................................................................................8

*Petrucelli v. Bohringer & Ratzinger*,
   46 F.3d 1298 (3d Cir. 1995)...............................................................................5

*Republic Industries, Inc. v. Central Pennsylvania Teamsters Pension Fund*,
   693 F.2d 290 (3d Cir. 1982).............................................................................12

*Scarpitti v. Weborg*,
   609 A.2d 147 (Pa. 1992) ..................................................................................10

*Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*,
   171 F.3d 912 (3d Cir. 1999)..............................................................................20

*Stemrich v. Zabiyaka*,
   No. 1:12-CV-1409, 2013 WL 4080310 (M.D. Pa. Aug. 13, 2013)...................14

*Szusterman v. Amoco Oil Co.*,
   112 F. App'x 130 (3d Cir. 2004).......................................................................17

*Veritas Operating Corp. v. Microsoft Corp.*,
   No. 06-CV-00703-JCC, 2008 WL 657936 (W.D. Wash. Jan. 17, 2008) .........................................................................................................18

*Weyandt v. Pennsylvania State Corrections Officers Associations*,
   1:19-CV-1018, 2019 WL 5191103 (M.D. Pa. Oct. 15, 2019)........................4, 6

*Whitaker v. Herr Foods, Inc.*,
   198 F.Supp. 3d 476 (E.D. Pa. 2016)............................................................14, 20

**Statutes**

Fed. R. Civ. P. 37(c)(1) ........................................................................16

Fed. R. Civ. P. 56(a) ...........................................................................4

Fed. R. Civ. P. 56(c) ...........................................................................5

Fed. R. Civ. P. 56(e) ...........................................................................5

Fed. R. Civ. P. 26(a)(1)(A)(iii) ......................................................2, 14, 16

Fed. R. Civ. P. 12(h)(3) ........................................................................4

Rule 37(b)(2)(A)(i)–(vi) .......................................................................15

Rule 37(c) .......................................................................................15

## I.    <u>PRELIMINARY STATEMENT</u>

Defendant Kleinbard LLC ("Kleinbard" or "Defendant") identified Plaintiff Griesing Law, LLC ("Griesing" or "Plaintiff") as a small diverse business subcontractor ("SDB") when it responded to certain requests for proposals concerning outside legal services issued by the Commonwealth of Pennsylvania's Office of General Counsel ("OGC"), pursuant to the Commonwealth's diversity programs.  The OGC's sworn testimony and Kleinbard's business records confirm the exact same amount Kleinbard received on two total engagements, inclusive of fees and costs, where Griesing was identified as SDB.  On the matters in question, Kleinbard gave Griesing an opportunity to perform work where it could be appropriately divided amongst the two firms and was consistent with the client's directives.  Further, at the direction of OGC, in March 2023, Kleinbard tendered payment to Griesing for 20% of the fees and costs it received from the OGC for the at-issue contracts—despite Griesing not having performed that work or incurred any costs.  To date, Griesing has refused to deposit or accept the check for $26,418.85.

OGC testified that it notified Griesing of the total amount Kleinbard was paid in late 2022.  Griesing nevertheless has repeatedly claimed in this case it did not know or "believe" the amount that was paid to Kleinbard and insisted on discovery.  That discovery confirms the indisputable facts above, that warrant

dismissal of this case for lack of subject matter jurisdiction, or, in the alternative, entry of summary judgment in favor of Kleinbard.

Griesing's remaining claims in the Complaint assert breach of contract and unjust enrichment for failure to pay Griesing 20% of the total amount (both fees and costs) received by Kleinbard, despite the fact that Griesing did not perform any work on same.

As an initial matter, the Court lacks subject matter jurisdiction because there is no case or controversy for this Court to decide as Griesing's claims became moot once Kleinbard tendered payment at the direction of OGC. Dismissal under Rule 12(h)(3) is thus warranted.

Alternatively, summary judgment should be entered in favor of Kleinbard and against Griesing for numerous, independent reasons: (1) Griesing failed to exhaust its required contractual remedies prior to filing this lawsuit; (2) Griesing cannot prove any damages, an essential element of its breach of contract claims, in part because it failed to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and has never provided a calculation of any purported damages remaining or owed; (3) Griesing's unjust enrichment claim is based on a quasi-contract theory and fails as Griesing's claims could only be based on express written agreements; (4) there are otherwise no facts or evidence to show Kleinbard was "unjustly enriched" at Griesing's expense or to its detriment.

For the foregoing reasons discussed in more detail below, Kleinbard respectfully requests that the Court dismiss Plaintiff's claims under 12(h)(3), or in the alternative, grant summary judgment in its favor and dismiss Plaintiff's claims with prejudice.

## II.    PROCEDURAL HISTORY

Griesing initially brought six claims against Kleinbard under contract and tort theories.  (Doc. No. 1).  On February 7, 2023, the Court granted Kleinbard's Motion to Dismiss as to Counts IV (Tortious Interference with Contractual Relations and Prospective Contractual Relations), V (Fraudulent Misrepresentation and/or Concealment), and VI (Negligent Misrepresentation and/or Concealment). (ECF No. 22).    Griesing's remaining claims concern alleged damages for Kleinbard's purported breach, or in the alternative, unjust enrichment, of two related contracts pertaining to the provision of legal services for the Commonwealth.  (Compl. at ¶¶ 126-144).  Pursuant to this Court's April 19th Scheduling Order (ECF No. 30), the parties engaged in a discovery period that ended May 26th.   Now, Kleinbard moves this Court to dismiss, or in the alternative, grant summary judgment in favor of Kleinbard.

## III.   STATEMENT OF FACTS

Pursuant to the Court's Standing Order (ECF No. 11), a statement of undisputed material facts ("SMF") warranting the entry of summary judgment in

favor of Defendants with supporting exhibits, including the declaration of Mr. Matthew Haverstick, are being filed contemporaneously herewith.

## IV.   <u>ARGUMENT</u>

### A.   <u>Relevant Legal Standards</u>

If the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).  A rule pursuant to 12(h)(3) "may be asserted at any time during the course of litigation." *Kindred Hosps. E., LLC v. Horizon Healthcare Servs., Inc.*, No. CV 17-8467 (JLL), 2019 WL 643604, at *3 (D.N.J. Feb. 14, 2019) (quoting *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 879 n.3 (3d Cir. 1992)). "'Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case.'"  *Weyandt v. Pennsylvania State Corrections Officers Associations*, 1:19-CV-1018, 2019 WL 5191103, at *3 (M.D. Pa. Oct. 15, 2019) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)).  At all times, the plaintiff retains the burden of demonstrating subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate where, as here, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is also appropriate where the non-moving party has failed to "make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact.  *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 325.

To defeat summary judgment, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  "[B]are assertions" and "conclusory allegations or suspicions" are not competent summary judgment evidence and will not suffice to defeat a motion for summary judgment.  *McNeil v. Greyhound Lines, Inc.*, 69 F. Supp. 3d 513, 521 (E.D. Pa. 2014) (quoting *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982)). Rather, the non-movant is required to identify evidence sufficient to prove every element essential to her claims.  *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1308 (3d Cir. 1995) (citing Celotex, 477 U.S. at 322-23).

The statement of undisputed material facts demonstrates that there is no genuine dispute regarding Kleinbard's tendered payment to Griesing in the amount of $26,418.85 pursuant to OGC's direction under the pertinent contracts' exclusive contractual/administrative remedy provision (SMF ¶¶ 15, 16, 37, 40, 42-43, 48-53).   This tendered payment directly moots the alleged claims by Griesing in connection with its breach of contract and alternative unjust enrichment claims and there is no case or controversy for this Court to decide.   Additionally, summary judgment should be entered in favor of Defendant as Plaintiff cannot establish elements essential to its claims on which it bears the burden of proof.

### B.    Kleinbard Is Entitled to Dismissal Under Fed. R. Civ. P. 12(h)(3) as There Is No Case or Controversy for this Court to Decide

Subject matter jurisdiction is lacking where there is no case or controversy for the Court to decide, as the "issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted).   Stated differently, mootness occurs when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (internal quotation marks omitted).   Interim relief that makes the plaintiff "whole" from the alleged violation of law sought to be redressed warrants a finding of mootness. *Weyandt*, 2019 WL 5191103, at *4 ("Plaintiffs have been made whole from the alleged violation of the CBA, and there is no more relief that

can be proscribed for them by this Court"); *Jackson v. Hands on Nursing, Inc.*, 1:18-CV-2442, 2019 WL 2355376, at *2 (M.D. Pa. June 4, 2019) (payment of complete relief moots individual claims).

Further, and important to this dispute, "[i]f a 'real and substantial controversy' means anything, it surely does not entail a plaintiff's illogical refusal [of relief] that [is] readily available for the taking." *F.V. and M.V., individually and on behalf of B.V., Plaintiffs, v. Cherry Hill Twship.*, No. 121CV18096, 2023 WL 2662697, at *11 (D.N.J. Mar. 28, 2023) (citing, among other cases, *Campbell-Ewald Co.*, 577 U.S. at 185 n. 1 (2016) (Alito, J., dissenting) ("A plaintiff cannot thwart mootness by refusing complete relief presented on a silver platter.")).

Here, Griesing's claims are moot because Plaintiff has been provided complete relief, as determined by the OGC pursuant to the exclusive administrative remedy bargained for and agreed to in the applicable agreements.  SMF ¶¶ 15, 16, 37, 40, 42-43, 48-53. Plaintiff's refusal to accept payment does not change this analysis under the cases cited above.

Furthermore, while Griesing will argue mootness does not apply because they are entitled to prejudgment interest and other purported "expectation damages," this too does not render Plaintiff's claims live.  First, the OGC's administrative determination is conclusive and binding per the terms of the applicable agreements forming the basis of Griesing's claims.  SMF ¶¶ 33-34.

Second, any right to purported interest only begins at the "time payment is withheld after it has been the duty of the debtor to make such payment." *Palmgreen v. Palmer's Garage, Inc.*, 117 A.2d 721, 722 (Pa. 1955).  No "duty" to make payment arose until, at the earliest, the OGC's March 10, 2023 determination.[1]  Indeed, as Griesing admits it did not actually perform the legal services associated with the fees generated, it would be entirely speculative to apply any other timing to the purported duty.[2]  SMF ¶ 54.

Third, any supposed "expectation damages" are speculative, unquantified and directly contrary to the allegations in the Complaint.  *See* Compl. at ¶ 19 ("Since the issuance of the Governor's Executive Order [in 2015], Griesing Law has been appointed as either a prime contractor, a subcontractor or both pursuant to several OGC RFPs and expects to receive additional appointments in the future."); SMF ¶ 9.  Indeed, Griesing's initial disclosures, filed with the Court (Dkt. 19), do not quantify or attempt to quantify any monetary damages.    SMF ¶ 55.  Additionally, Griesing's responses to interrogatories do not quantify damages.  SMF ¶ 54. Moreover, Plaintiff's 30(b)(6) designee was unable to provide any non-

---

[1] Defendant further notes that it has offered Plaintiff judgment pursuant to Rule 68 in an amount that is inclusive of even potential "prejudgment interest" dating back to the pertinent subcontracts.  SMF ¶ 53.

speculative testimony as to Plaintiff's alleged extra-contractual and expectation damages. SMF ¶¶ 54, 56, 58, 63.

While Griesing attempts to manufacture a controversy by alleging it does not "believe" OGC's numbers regarding how much Kleinbard was paid on matter where Griesing was identified as the subcontractor, the numbers and payment directive—right or wrong—are the result of the administrative process that Griesing and Kleinbard are bound to by contract.  SMF ¶¶ 15-16, 33-48.  Further, the numbers are confirmed by both OGC and Kleinbard's business records produced in the litigation.  SMF ¶¶ 15-16, 41-43, 48-50.  As Mr. Perez testified, the number provided on March 10, 2023 – $153,677.66 – is the OGC's conclusion as to the "the total amount that Kleinbard was paid on which Griesing was identified as the subcontractor." SMF ¶ 6. Had Griesing followed the required contractual remedies provision in the underlying agreements, which it apparently did with other law firms Griesing accused of wrongdoing, this entire lawsuit could have been avoided.  SMF ¶¶ 33-34, 44.  Instead, Griesing forced Kleinbard and this Court to expend unnecessary time and resources to reach a conclusion that should have been reached through the proper administrative (or informal) channels.

---

[2] Further, as noted in the SMF and Mr. Haverstick's Declaration, the check to Griesing included 20% of costs incurred by Kleinbard, or approximately $1,094,

C.   **Kleinbard Is Entitled to Summary Judgment as Plaintiff Failed to Exhaust Its Required Contractual/Administrative Remedies**

Griesing's claims are for Kleinbard's alleged breach, or in the alternative, unjust enrichment, of two related OGC contracts, allegedly requiring Kleinbard to pay Griesing 20% of fees received for legal services performed regardless of whether Griesing actually performed the work related to the at-issue fees.  Both of these OGC contracts contain an exclusive contractual/administrative remedy bargained for in the agreements which Griesing failed to exhaust in bringing its claims.  SMF ¶¶ 33-34.  As such, this Court may additionally enter judgment in favor of Kleinbard with respect to any remaining claims for failure to exhaust contractual/administrative remedies.

Historically, under Pennsylvania law, "in order for a third-party beneficiary to have standing to recover on a contract, both contracting parties must have expressed an intention that the third-party be a beneficiary, and that intention must have affirmatively appeared in the contract itself."  *Scarpitti v. Weborg,* 609 A.2d 147, 149 (Pa. 1992) (citation omitted).  If this Court finds that Griesing is a third-party beneficiary of the agreements, then as a third-party beneficiary, Plaintiff cannot seek to enforce a benefit of the agreement while choosing to ignore other, perhaps inconvenient, terms of the same agreement.

_____

to which Griesing has no possible claim or entitlement.

Each of the agreements that Griesing alleges were breached by Kleinbard contain the following term:

> 25.   <u>Contract Controversies</u>.  In the event of a controversy or claim arising from this Contract, the Law Firm must, within six months after the cause of action accrues, file a written notice of the controversy or claim with the General Counsel for determination.   The General Counsel shall send a written determination to the Law Firm.   The decision of the General Counsel shall be final and conclusive unless, within 15 days after receipt of such written determination, the Law Firm files a claim with the Commonwealth Board of Claims.  Pending a final judicial resolution of a controversy or claim, the Law Firm shall proceed diligently with the performance of this Contract in a manner consistent with the interpretation of the General Counsel, and the Commonwealth shall compensate the Law Firm pursuant to the terms of this Contract.

SMF ¶ 33.

Further, each of the agreements that Griesing alleges were breached by Kleinbard also contain the following term which binds the subcontractor to the terms and conditions of the agreement, including the Contract Controversies clause:

> 7.   <u>Subcontracting, Key Personnel, and Experts</u>.   Subcontracting, assignment, or transfer of all or part of the interest of the Law Firm in this Contract or in the work covered by this Contract is prohibited without the prior written approval of the General Counsel.   In the event such consent is given, the terms and conditions of this Contract shall apply to bind the party or parties to whom such work is subcontracted, assigned, or transferred as fully and completely as the Law Firm is hereby bound and obligated and the Law Firm shall obtain acknowledgement thereof from all subcontractors and experts so engaged…. The terms and conditions of this Contract including, but not limited to, the provisions of Appendices A and C, shall apply to and bind the subcontractors or experts engaged as fully and

completely as the Law Firm is hereby bound and obligated and the Law Firm shall obtain written acknowledgement therefore from all subcontractors or experts so engaged.

SMF ¶ 34.

These agreements indisputably state "**the terms and conditions of this Contract shall apply to and bind the party or parties to whom such work is subcontracted**, assigned, or transferred **as fully and completely as the Law Firm is hereby bound and obligated**... ." (emphasis added). *Id.*

It is a "long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Republic Industries, Inc. v. Central Pennsylvania Teamsters Pension Fund*, 693 F.2d 290, 291 (3d Cir. 1982) (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463–64, 82 L.Ed. 638 (1938)). Further, "'[i]t is true that the intention of parties to submit their contractual disputes to final determination outside the courts should be made manifest by plain language.'" *B.H. Deacon Co. v. U.S.*, 189 F.Supp. 146, 148 (E.D.Pa. 1960) (quoting *Mercantile Trust Co. v. Hensey*, 205 U.S. 298, 309 (27 S.Ct. 535, 51 L.Ed. 811)).

> But this does not mean that hostility to such provisions can justify blindness to a plain intent of parties to adopt this method for settlement of their disputes, nor should such an agreement of parties be frustrated by judicial 'interpretation' of contracts. If parties competent to decide for themselves are to be deprived of the privilege

12

of making such anticipatory provisions for settlement of disputes, this deprivation should come from the legislative branch of government.

*Id*.

Here, each of the agreements contain a bargained for provision providing that "[i]n the event of a controversy or claim arising from this Contract, the Law Firm **must**, within six months after the cause of action accrues, file a written notice the controversy or claim with the General Counsel for a determination."  SMF ¶ 33. (emphasis added).  Further the provision provides that the General Counsel shall send a written determination to the Law Firm which shall be final and conclusive unless within 15 days after receipt the Law Firm files a claim with the Commonwealth Board of Claims.  *Id*.  Additionally, the agreements affirmatively state that subcontractors [Griesing as alleged here] are bound and obligated by the terms and conditions of the agreement [including the exclusive contractual/administrative remedy] as fully and completely as the Law Firm.  SMF ¶ 34.

As such, summary judgment must be entered for Kleinbard and against Plaintiff for failure to exhaust the required contractual/administrative remedy bargained for and agreed to in the applicable agreements.

**D.** **Kleinbard Is Entitled To Summary Judgment as Plaintiff Cannot Prove Damages**

Summary judgment is appropriate where the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A breach of contract claim under Pennsylvania law requires a plaintiff to establish: '(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract[,] and (3) resultant damages.' " *Whitaker v. Herr Foods, Inc.*, 198 F.Supp. 3d 476, 486 (E.D. Pa. 2016) (quoting *Omicron Sys., Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. 2004) ). Here, Plaintiff cannot establish legally cognizable damages, and as such, its claim fails and cannot proceed.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires plaintiffs to disclose "a computation of each category of damages" as well as "the documents or other evidentiary material…on which each computation is based." Here, Griesing did not compute damages in its Initial Disclosures and violated Rule 26. *See* SMF ¶ 55; *Gomez v. Markley*, No. 07-868, 2011 WL 112886, at *2 (E.D. Pa. Jan. 13, 2011) ("[T]o fulfill the initial disclosure requirement, a party must provide a computation supported by documents."); *Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2013 WL 4080310, at *1 (M.D. Pa. Aug. 13, 2013) ("[S]imply reciting a dollar figure clearly is not enough. . . . [D]isclosures must be sufficiently specific

14

that the opposing party has some basis to calculate the damages claimed against it.") (citations and quotations omitted).

Rule 37(c) provides that if a party fails to disclose damages information in violation of Rule 26(a), or supplement the disclosure in accordance with Rule 26(e), "the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Rule 37 is "written in mandatory terms and is designed to provide a strong inducement for disclosure of Rule 26(a) material." *Aetna Inc. v. Mednax, Inc.*, No. 18-2217, 2021 WL 949454, at *4 (E.D. Pa. Mar. 12, 2021) (quoting *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995)).  The Court can also impose any sanction available under Rule 37(b)(2)(A)(i)–(vi), including dismissal.

In considering whether to exclude evidence, the Third Circuit has directed courts to consider four factors: "(1) the prejudice or surprise in fact to the opposing party, (2) the ability of the party to cure the prejudice, (3) the extent of disruption of the orderly and efficient trial of the case, and (4) the bad faith or willfulness of the non-compliance." *Hill v. Reederei F. Laeisz G.M.B.H., Rostok*, 435 F.3d 404, 423 (3d Cir. 2006) (internal citation and quotation marks omitted).

Here, Plaintiff did not disclose any amount of damages in its Complaint or Initial Disclosures.  SMF ¶ 55.  Discovery closed on May 26, 2023. SMF ¶ 70. Plaintiff never supplemented its initial disclosures.  *See id.* ¶ 70.  Plaintiff's failure

to identify any calculation or amounts it claims to have been damaged during discovery warrants summary judgment because damages are an essential element of its claim and burden of proof at trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Plaintiff's failure to disclose damages is willful and not substantially justified. Indeed, on April 28, 2023, this Court entered a Notice in this action requiring Plaintiff to provide a computation of damages that complies with Fed.R.C.P. 26(a)(1)(A)(iii) "**at once**." (emphasis in original) (Dkt. No. 32). Plaintiff has ignored this order. Plaintiff failed to comply with Rules 26(a) and (e) and withheld any claimed damages information throughout the case, both in written discovery and at deposition. SMF ¶¶ 55-63, 70; *see Aetna*, 2021 WL 949454, at *4 ("Strategic manipulation of the discovery process, especially with regard to such critical disclosures as the theory of damages is the ill toward which Rule 26 and Rule 37 are aimed." (quotation omitted)). Griesing's corporate representative speculated, on the spot and without any factual basis, vast damages without any calculation or degree of certainty. SMF ¶¶ 58, 60. For example, Griesing believes it is entitled to 20% of all fees and costs Kleinbard has received

on any contract Kleinbard has with the Commonwealth, not just with OGC, even where Griesing was not listed as subcontractor.[3]  SMF ¶ 58.  Additionally, Griesing lays claim to at least 1% of the Commonwealth's "total OGC spend, which is in the billions of dollars." SMF ¶ 60.  Griesing has provided no facts or evidence of any actual monetary amounts, let alone a calculation demonstrating its alleged damages or even a basic disclosure under Rule 26.

Summary judgment is thus appropriate.  *See Szusterman v. Amoco Oil Co.*, 112 F. App'x 130, 131 (3d Cir. 2004) (affirming grant of summary judgment and dismissal for failing to provide a damages calculation under Rule 26 when plaintiff "did not furnish any facts or methodology based on which he calculated his alleged damages, despite the repeated requests to do so" because there is "no question that[,] without this information, [defendant] would not be able to respond adequately to damages that are alleged by [plaintiff] and is left to wonder what . . . [plaintiff]'s damages and methodologies are") (quotation omitted); *Aetna*, 2021 WL 949454, at *4 (granting motion to strike damages and holding "the Court will not exercise its discretion to lift the mandatory sanction of Rule 37. . . . [T]he appropriate sanction for Aetna's failure to comply with Rule 26 is to preclude

---

[3] The Complaint does not actually plead such a claim and identifies no contractual or other relationship involving Griesing besides engagements by Kleinbard from the OGC.  There is absolutely no factual or legal basis for Griesing to seek a piece

Aetna from introducing evidence in support of any recovery of hospital payments"); *Brandt Indus. v. Pitonyak Mach. Corp.*, No. 1:10-CV-0857-TWP-DML, 2012 WL 4027241, at *2 (S.D. Ind. Sept. 12, 2012) (precluding reference to damages when it "ha[d] not supplemented its Rule 26(a) disclosures or identified any damage computations or supporting documents following the submission of its initial disclosures"); *see also Veritas Operating Corp. v. Microsoft Corp.*, No. 06-CV-00703-JCC, 2008 WL 657936, at *25 (W.D. Wash. Jan. 17, 2008) ("[M]ere recitation and bare analysis of those facts does not, at this stage, cure [a] failure to disclose any computation of damages or any other damages analysis as required by the rules.").

Additionally, any supposed "expectation damages" are speculative, unquantified and directly contrary to the allegations in the Complaint. *See* Compl. at ¶ 19 ("Since the issuance of the Governor's Executive Order [in 2015], Griesing Law has been appointed as either a prime contractor, a subcontractor or both pursuant to several OGC RFPs and expects to receive additional appointments in the future."); SMF ¶¶ 9. Indeed, Griesing's initial disclosures, filed with the Court (Dkt. 19), do not quantify or attempt to quantify any monetary damages. SMF ¶¶ 55, 70. Additionally, Griesing's responses to interrogatories do not quantify

---

of Kleinbard's work for the Commonwealth that is unrelated to the two OGC contracts at issue where Griesing was identified as the subcontractor.

damages.  SMF ¶ 55.  Plaintiff's 30(b)(6) designee was unable to provide any non-speculative testimony as to Plaintiff's alleged extra-contractual and expectation damages. SMF ¶¶ 58-60, 63.  Moreover, Ms. Griesing testified that since August 2019, Griesing has put Kleinbard on a "no list" and indicated internally to its staff that it would not work with Kleinbard in the future as a SDB.  SMF ¶ 62.  Ms. Griesing further testified that OGC has promised it will allow Griesing to "make up" the work it allegedly lost in connection with future OGC engagements.  SMF ¶ 47.

In sum, there is no record evidence supporting any claim of additional damage to Griesing.  The plaintiff bears the burden of presenting "sufficient evidence by which damages can be determined on some rational basis and other than by pure speculation and conjecture." *ASTech Intern., LLC v. Husick*, 676 F.Supp. 2d 389, 405 (E.D. Pa. 2009) (citing *Curran v. Stradley, Ronon, Stevens & Young*, 521 A.2d 451, 455 (Pa. Super. 1987)).  Here, Plaintiff cannot satisfy its burden and summary judgment in favor of Kleinbard is appropriate.

**E.** **Kleinbard is Entitled to Summary Judgment on Plaintiff's Unjust Enrichment Claim as an Express Written Contract Exists And There is No Evidence of Kleinbard Being "Unjustly Enriched"**

To state a claim for unjust enrichment under Pennsylvania law, the plaintiff must allege that (1) he conferred a benefit on the defendant, (2) the defendant knew of the benefit and accepted or retained it, and (3) it would be inequitable to allow

the defendant to keep the benefit without paying for it. *Whitaker v. Herr Foods, Inc.*, 198 F.Supp. 3d 476, 492 (E.D. Pa. 2016) (citing *Mitchell v. Moore*, 729 A.2d 1200, 1203–04 (Pa. Super. 1999)).

Unjust enrichment claims under Pennsylvania law appear to fall into one of two categories: (1) a quasi-contract theory of liability, in which case the unjust enrichment claim is brought as an alternative to a breach of contract claim; or (2) a theory based on unlawful or improper conduct established by an underlying claim, such as fraud, in which case the unjust enrichment claim is a companion to the underlying claim. *Whitaker*, 198 F.Supp. at 492 (citing *Zafarana v. Pfizer, Inc.*, 724 F.Supp. 2d 545, 561 (E.D. Pa. 2010)). Here Plaintiff's claim of unjust enrichment is brought on a theory of quasi-contract as it is pled as an alternative to a breach of contract claim regarding an express written agreement.  SMF ¶ 40.

However, a quasi-contract theory is "typically invoked ... when [the] plaintiff seeks to recover from [the] defendant for a benefit conferred under an unconsummated or void contract."  *Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 936 (3d Cir. 1999).  "As such, the doctrine does not apply where a written or express contract exists." *Whitaker*, 198 F.Supp. at 493 (citing *Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. 2006); *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999)).

As Plaintiff's unjust enrichment claim is indisputably brought as an alternative to a breach of contract claim regarding express written agreements, judgment must be entered in favor of Kleinbard.  Moreover, there is no evidence that Griesing performed any work or conferred any "benefit" that Kleinbard knew of, accepted, or equitable circumstances that would warrant payment to Griesing. Indeed, Griesing readily admits it did not actually perform work beyond the amounts for which it was already paid.  SMF ¶ 54.  Further, Griesing was able to utilize that time to bill on other matters or perform marketing.  SMF ¶ 56.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, the Kleinbard respectfully requests that the Court grant summary judgment in favor of Kleinbard and dismiss Plaintiff's claims.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

<u>/s/ Nipun J. Patel</u>
Nipun J. Patel, Esq.
Nipun.Patel@hklaw.com
Patrick J. McCabe, Esq.
Patrick.McCabe@hklaw.com
Cira Centre
2929 Arch Street, Suite 800
Philadelphia, PA 19104
(215) 252-9600

Dated: June 9, 2023                    *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of June, 2023, I caused to be served a true and correct copy of the foregoing Motion and supporting documents, by counsel of record using the Court's ECF System.

/s/ *Nipun J. Patel*
Nipun J. Patel