**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRIESING LAW, LLC, | : | |
| | : | No. 2:22-cv-03302-PD |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| KLEINBARD LLC, | : | |
| | : | |
| *Defendant.* | : | |

**KLEINBARD LLC'S MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927**

Under 28 U.S.C. § 1927, Defendant Kleinbard LLC, through its undersigned counsel, hereby moves for sanctions against attorney Julie Negovan for its increased attorneys' fees, costs, and expenses arising from all proceedings after Defendant's service of the March 16, 2023 letter and related payment (Doc. 40-13). In support of this request, Defendant incorporates the accompanying Memorandum of Law.

Respectfully submitted,

Dated: May 3, 2024

/s/ Patrick J. McCabe
**HOLLAND & KNIGHT LLP**
Nipun J. Patel (PA Bar ID 208130)
Nipun.Patel@hklaw.com
Patrick J. McCabe (PA Bar ID 203910)
Patrick.McCabe@hklaw.com
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                          |   |                      |
|--------------------------|---|----------------------|
| GRIESING LAW, LLC,       | : |                      |
|                          | : | No. 2:22-cv-03302-PD |
| *Plaintiff,*             | : |                      |
| v.                       | : |                      |
|                          | : |                      |
| KLEINBARD LLC,           | : |                      |
|                          | : |                      |
| *Defendant.*             | : |                      |

**MEMORANDUM OF LAW IN SUPPORT OF KLEINBARD LLC'S
MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927**

On March 16, 2023, counsel for Kleinbard LLC wrote attorney Julie Negovan, counsel for Plaintiff, to advise it was tendering payment in the amount of $26,418.85 as a full and complete remedy of Plaintiff's claim. *See* March 16, 2023 letter (Doc. 40-13) at 1. This "offer is where the case should have ended." *See* Order (Doc. 47) at 8. It did not. Instead, Attorney Negovan "refused the check and wrote back 'it would benefit both sides if you would cease needless posturing at every turn[.]'" *Id.* Attorney Negovan then proceeded, "without any evidentiary support," to pursue a line of discovery to prove "damages," and when that pursuit bore no fruit, she filed a motion for partial summary judgment, "[t]he apparent absence of supporting evidence notwithstanding[.]" *Id.* at 3, 4. Not surprisingly, the motion failed, returning the parties to precisely where they were on March 16, 2023, when Kleinbard tendered payment to Griesing. In the end, Attorney Negovan proliferated these proceedings for several months in complete bad faith. In fact, as this Court

concluded: "[i]t is difficult to accept Griesing acted in good faith when it refused payment." *See* Order (Doc. 47) at 9.

Accordingly, under 28 U.S.C. § 1927, the Court should require attorney Julie Negovan to pay the excess costs, expenses, and attorneys' fees incurred by Kleinbard because of the multiplication of proceedings caused by her bad faith refusal to end the case on March 16, 2023.

## I.    BACKGROUND

The background of this matter was extensively reviewed by the Court in its April 25, 2024 order (Doc. 47) and is, thus, not repeated here. By way of particular focus for the present motion, the following undisputed facts are material.

On March 16, 2023, Kleinbard sent Attorney Negovan a letter. *See* March 16, 2023 letter (Doc. 40-13). The letter explained that based on a determination from OGC (Doc. 40-9), Kleinbard would pay Griesing $26,418.85. *See* March 16, 2023 letter (Doc. 40-13) at 1. It further explained the payment mooted any claim by Griesing and obviated the need for further discovery. *Id.* The letter then concluded with a reminder about the consequences of needless proliferation of proceedings under 28 U.S.C. § 1927:

> Should Griesing continue to pursue the soon-to-be-moot claims, we remind counsel that pursuant to 28 U.S. Code § 1927, any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.*

Kleinbard then tendered the promised $26,418.85 check to Griesing on March 21, 2023. *See* Griesing Resp. to Def. Stmt. of Undisputed Material Facts (Griesing Resp.) (Doc. 42-1) at ¶ 52; *see also* March 22, 2023 email (Doc. 40-14) at 1.

Griesing admits it received the letter and the check. *See* Greising Resp. (Doc. 42-1) at ¶¶ 51-52; *see also* March 22, 2023 email (Doc. 40-14) at 1.

At this point in the proceedings, the docket was only at its 21st entry, the last filing being Kleinbard's answer to the complaint. *See* Docket, No. 22-cv-3302, at Document 21 (filed Feb. 21, 2023).

Rather than accept the payment and the representations in the March 16 letter, Attorney Negovan responded by email on March 22, 2023, stating that "[w]e will not be cashing the check, we do not accept your proffer." *See* Negovan March 22, 2023 email (Doc. 40-14) at 1. She further stated, among other things, "it would benefit both sides if you would cease needless posturing at every turn and engage with our outstanding attempts to meet and confer as to discovery." *Id.* She claimed discovery would yield support for "additional damages." *Id.* On March 25, 2023, counsel for Kleinbard wrote Attorney Negovan in response to her March 22 email, stating that discovery should be stayed "to avoid unnecessary expense." *See* March 25, 2023 email (Doc. 24-5) at 1.

Because Attorney Negovan refused to end the proceedings, Kleinbard was forced to file a motion to dismiss on March 30, 2023. *See* Motion to dismiss (Doc. 22). This was the first of **five** substantive filings Kleinbard was forced to prepare and file due to Attorney Negovan's refusal to end the matter:

1.  Kleinbard motion to dismiss (Doc. 22) (filed March 30, 2023);

2.  Kleinbard response to motion for extension of time (Doc. 26) (filed April 12, 2023);

3.  Kleinbard motion to dismiss (Doc. 40) (filed June 9, 2023);

4.  Kleinbard response to motion for partial summary judgment (Doc. 41) (filed June 23, 2023); and

5.  Kleinbard reply in further support of motion to dismiss (Doc. 43) (filed June 30, 2023).

In addition to the above, Kleinbard was forced to (1) participate in the deposition of Theron Perez on May 25, 2023 (Doc. 40-5); (2) send a letter to Chambers on May 31, 2023 (Doc. 38); and (3) prepare for and participate in a settlement conference on June 22, 2023 (Doc. 32). Essentially, all proceedings encompassed by docket entries 22 through 47 were solely caused by Attorney Negovan's refusal to end the matter. All of these proceedings were entirely needless and unjustified.

Based on the April 25, 2024 order, Kleinbard believes the Court agrees. Indeed, the order found, in material part, that:

- Greising, through Attorney Negovan, "without any evidential support" believed it was entitled to additional fees from Kleinbard, Order (Doc. 47) at 3;

- Greising, through Attorney Negovan, represented that the deposition of Theron Perez would yield evidence contradicting OGC's calculation of what Greising was owed—that representation was "not correct," *id.* at 3;

- Greising, through Attorney Negovan, in the "absence of supporting evidence," filed a motion for partial summary judgment, *id.* at 4; and

- Greising, through Attorney Negovan, insisted that it was owed fees from other contracts, but that allegation had "absolutely no evidentiary support," *id.* at 8.

Based on the above, the Court concluded that "Kleinbard's offer is where this case should have ended." *Id.* at 8. The Court then observed that "[i]t is difficult to accept Greising acted in good faith when it refused that payment." *Id.* at 9.

In total, upon present information and belief, Attorney Negovan's bad faith conduct caused Kleinbard to incur **$175,351** in increased attorneys' fees and **$8817** in increased costs. These fees and costs will be fully explained in a fee petition and supporting affidavits if the Court grants this motion.[1]

## II.    ARGUMENT

Under 28 U.S.C. § 1927, the Court should assess against attorney Julie Negovan Kleinbard's increased reasonable attorneys' fees, costs, and expenses

---

[1] In *Marino v. Usher*, this Court first heard, and granted, a motion under 28 U.S.C. § 1927, and then ordered the movants to justify their fees through separate filings. *See Marino v. Usher*, No. 11-cv-6811, 2014 WL 2116114, at *14 (E.D. Pa. May 21, 2014) (resolving motion); *Marino v. Usher*, No. 11-cv-6811, 2014 WL 12606155 (E.D. Pa. Aug. 28, 2014) (calculating award); *see also Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782, 2015 WL 1004308, at *14 (E.D. Pa. Mar. 9, 2015) (resolving motion); *Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782, Order, Doc. 513 (E.D. Pa. Aug. 28, 2015) (entry of award by consent).

arising from all proceedings after service of the March 16, 2023 letter and related payment.

Section 1927 provides for sanctions against attorneys for certain conduct, stating: "Any attorney ... admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To enter an award under Section 1927, a court must find "an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (quotations removed); *accord Marino v. Usher*, No. 11-cv-6811, 2014 WL 2116114, at *6 (E.D. Pa. May 21, 2014) (Diamond, J.); *Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782, 2015 WL 1004308, at *7 (E.D. Pa. Mar. 9, 2015) (Diamond, J.). Sanctions must be justified by "clear and convincing evidence[.]" *Johnson*, 2015 WL 1004308, at *7. A motion for sanctions under Section 1927 can be pursued after final judgment. *See In re Schaefer Salt*, 542 F.3d at 102.

Before imposing sanctions under Section 1927, a court must make a finding of bad faith. *In re Prosser*, 777 F.3d 154, 162 (3d Cir. 2015). "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or

should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002). Furthermore, when a claim is pursued "despite the fact that it is patently frivolous or where a litigant continues to pursue a claim in the face of an irrebuttable defense, bad faith can be implied." *Loftus v. S.E. Pennsylvania Transp. Auth.*, 8 F. Supp. 2d 458, 461 (E.D. Pa. 1998), *aff'd*, 187 F.3d 626 (3d Cir. 1999); *accord Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782, 2014 WL 6851277, at *1 (E.D. Pa. Dec. 4, 2014) (report and recommendation; citing *Loftus*), *adopted*, 2015 WL 1004308. Succinctly stated, bad faith can be found where a party "pursues claims that are clearly frivolous." *Johnson*, 2015 WL 1004308, at *7.

All elements justifying an award under Section 1927 are present here.

**A.     Attorney Negovan multiplied the proceedings.**

To begin, the evidence is clear and convincing that Attorney Negovan needlessly multiplied the proceedings. Had Attorney Negovan appropriately responded to the March 16, 2023 letter, **none** of the proceedings at docket entries 22 through 47 (dating from March 30, 2023 to April 25, 2024) would have been necessary. As this Court has already concluded: "Kleinbard's offer is where this case should have ended." *See* Order (doc. 47) at 8. And what Kleinbard offered was the entirety of what this Court found Plaintiff was entitled to: $26,418.85. *See id.* at 8-

9. Accordingly, **all** proceedings after the March 16, 2023 letter were a waste of the parties **and the Court's** time and they were unjustified.

At a bare minimum, after Attorney Negovan completed the discovery that she desired after receipt of the March 16 letter, she should not have filed the motion for partial summary judgment (Doc. 39). She had no basis to do so. As the Court has found, that motion was filed in the "absence of supporting evidence[.]" *See* Order (Doc. 47) at 4. Thus, at an absolute minimum, Kleinbard should be awarded its expenses incurred in responding to that motion.

**B. Attorney Negovan multiplied the proceedings in an unreasonable and vexatious manner.**

An attorney multiplies proceedings in an unreasonable and vexatious manner when the attorney's conduct "serve[s] no legitimate purpose." *See Marino*, 2014 WL 6116114, at *8. Further, conduct is vexatious if it is "without reasonable or probable cause or excuse." *See Doherty v. Allstate Indem. Co.*, No. 15-cv-05165, 2019 WL 4751922, at *4 (E.D. Pa. Sept. 30, 2019) (Pappert, J.) (citing Black's Law Dictionary (11th ed. 2019); granting sanctions motion under Section 1927). These standards aptly describe Attorney Negovan's conduct here.

At the time Attorney Negovan summarily rejected Kleinbard's offer, she had no evidence to support additional claims for damages. *See* Order (Doc. 47) at 3. Then, after she demanded and received additional discovery to find these alleged damages, which discovery this Court allowed in "an abundance of caution," *see id.*

at 9, she still had "absolutely no evidentiary support" to demand more. *See id.* at 8. This did not dissuade her from baselessly pursuing summary judgment. *See id.* at 4.

The foregoing is clear and convincing evidence that Attorney Negovan proliferated the proceedings for no legitimate purpose. In fact, as this Court observed, "[i]t is difficult to accept Griesing acted in good faith when it refused" Kleinbard's payment. *See id.* at 9. Critically, Attorney Negovan pursued this course even after Kleinbard expressly invoked the protections of Section 1927 in its March 16, 2023 letter and after it beseeched her "to avoid unnecessary expense." *See* March 16, 2023 letter (Doc. 40-13) at 1; March 25, 2023 email (Doc. 24-5) at 1. In other words, she proliferated the proceedings even knowing Kleinbard would pursue appropriate relief when those efforts predictably failed, just as they did.

### C.     Attorney Negovan's conduct increased the cost of the proceedings.

This element is perhaps self-evident: after Attorney Negovan baselessly rejected Kleinbard's payment tender, Kleinbard was forced—through privately retained counsel—to pursue no less than five substantive filings, in addition to several other matters that incurred expenses. Consistent with this Court's prior practices with Section 1927 motions, Kleinbard will fully substantiate these expenses in an appropriate fee petition with supporting affidavits, if this motion is granted. *See supra* footnote 1. For present purposes, however, the undersigned can represent that such fees and expenses exceeded $180,000.

**D.      Attorney Negovan's conduct was in bad faith.**

The Court has seemingly already concluded Attorney Negovan's conduct was in bad faith, stating: "[i]t is difficult to accept Griesing acted in good faith when it refused" Kleinbard's payment. *See* Order (Doc. 47) at 9.

But if the foregoing is not a finding of bad faith, such a finding is justified now. Kleinbard had an irrebuttable defense to further damages based on the OGC's determination of liability, yet Attorney Negovan forced additional proceedings. Bad faith can be implied by this conduct. *Cf. Loftus*, 8 F. Supp. 2d at 461. Further, she could not have had a reasonable belief that the claims she was pursuing on Griesing's behalf were meritorious. Indeed, as this Court detailed in its final order, *see* Order (Doc. 47) at 5-9, the entirety of the process to which Griesing was entitled was the OGC review, which was complete by March 10, 2023 (Doc. 40-9). Attorney Negovan's insistence on additional proceedings in the face of this legal reality—of which she was aware—shows an intent to harass Kleinbard by pursuing meritless claims. This too justifies a finding of bad faith. *Cf. In re Prudential Ins.*, 278 F.3d at 188.

In sum, clear and convincing record evidence shows Attorney Negovan had no basis to continue this litigation after March 16, 2023, and her conduct forcing additional proceedings was based on a bad faith pursuit of meritless claims in the face of an outcome she simply was "not pleased with[.]" *See* Order (Doc. 47) at 9.

The cost of her displeasure should not be borne by Kleinbard. Respectfully, an appropriate sanctions award should be entered against Attorney Negovan.

## III. CONCLUSION

Therefore, Kleinbard respectfully requests that the Court grant this motion and award it, against Julie Negovan, its increased attorneys' fees, costs, and expenses arising from all proceedings after service of the March 16, 2023 letter and related payment.

<div style="margin-left: 45%;">Respectfully submitted,</div>

Dated: May 3, 2024

<div style="margin-left: 45%;">

/s/ Patrick J. McCabe
**HOLLAND & KNIGHT LLP**
Nipun J. Patel (PA Bar ID 208130)
Nipun.Patel@hklaw.com
Patrick J. McCabe (PA Bar ID 203910)
Patrick.McCabe@hklaw.com
1650 Market Street, Suite 3300
Philadelphia, PA 19103
(215) 252-9600
*Attorneys for Defendant*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused to be served a true and correct copy of the foregoing Motion and supporting documents on counsel of record using the Court's CM/ECF system.

Dated: May 3, 2024                    /s/ Patrick J. McCabe