UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRIESING LAW, LLC,<br>            Plaintiff,<br>v.<br><br>KLEINBARD LLC,<br>            Defendant. | CIVIL ACTION NO. 2:22-cv-03302-PSD |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KLEINBARD LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR STAY PENDING APPEAL AND IN FURTHER SUPPORT THEREOF**

### I.  INTRODUCTION

Plaintiff Griesing Law, LLC (also known as Griesing Mazzeo Law, LLC) ("Griesing" or the "Griesing Firm") files this Reply in further support of its Motion for Stay Pending Appeal ("Motion for Stay") and responds to Defendant Kleinbard LLC ("Kleinbard")'s Opposition to Plaintiff's Motion for Stay Pending Appeal[1] and urges that the stay should be granted for the reasons already stated in its motion papers, which are not rehashed here. Plaintiff focuses specifically on the misstatements of fact and mischaracterization of law in Kleinbard's Submission. Kleinbard's Submission asserts three principal arguments in opposition to the Motion for Stay, none of which meet the standards for denying Griesing the relief

---

[1] References to Plaintiff's initial moving papers are cited herein as "Plaintiff's (or Griesing's) Motion" or "Motion for Stay" and Defendant's opposing papers are cited herein as "Defendant's or Kleinbard's) Opposition" or "Defendant's (or Kleinbard's) Submission".

requested and for which it already provided amply support. In essence, Kleinbard contends: (1) Griesing has not demonstrated any chance of success on the merits; (2) Griesing has not demonstrated that it will suffer irreparable harm; and (3) stay would harm Griesing and it not in the public interest. These issues are addressed in the Motion for Stay and Griesing confines this Reply to new points in Kleinbard's opposition.

First, Griesing has made a strong showing of its likelihood to prevail on the merits on one or more of the issues raised and amply demonstrated that Griesing had a good faith basis for pursuing their claims. Kleinbard ignores the fact that (a) the Commonwealth never sent Griesing a written "final determination" of its claims against Kleinbard; (b) neither Kleinbard nor this Court cites a single case holding (or in dicta) that the Board of Claims has jurisdiction over the disputes between private parties where the Commonwealth has no potential liability; and (c) Griesing's claims are purely as third party beneficiaries of their Commonwealth contracts, which would NOT be subject to Board of Claims review. Instead Kleinbard persists in arguing that the serial subcontracts it signed and which the Commonwealth determined were valid are not enforceable contracts. They are mistaken. Further, Kleinbard blithely dismisses the Third Circuit's decision in *SodexMagic v. Drexel University*, 24 F. 4th 183, 217 (3d Cir. 2022) that the gist of the action doctrine does not apply here because the tort claims do not involve

precontractual duties not to deceive. In fact, Griesing expressly alleged in the Complaint (and argues in the appeal) that in addition to contractual duties to perform under the Subcontracts, Kleinbard owed Griesing a duty not to deceive it especially as its business partner and that those duties were breached. That is the classic case in which the Court found that tort claims were not barred by the gist of the action doctrine.

Second, Kleinbard ignores the thrust of the harm to Griesing and Attorney Negovan. Griesing did not seek the stay to defer payment of money, but to prevent irreparable harm to Attorney Negovan's and the Griesing Firm's hard-earned professional reputations. It is ironic that Kleinbard is focusing on the delay of payment of money damages when it has admitted that it withheld thousands of dollars in fees and concealed receipt of those fees for many years. Griesing has demonstrated that the imposition of sanctions, particularly here, where the issues are on appeal and may be reversed, would be premature and plainly inflict harm indelibly even if Griesing prevails on appeal and/or the sanctions were otherwise reversed.

Third, Kleinbard does not make a showing of harm to the firm or to the public other than to repeat its personal attacks against counsel. Communications between Griesing and OGC over the year and half preceding this Court's dismissal of Griesing's claims reflect that OGC agreed with Griesing on the merits and did not

3

dispute that Kleinbard breached its contracts with Griesing repeatedly or that Kleinbard advanced frivolous arguments in this litigation with which OGC disagreed. The extensive communications between Griesing and OGC both before and after the commencement of the litigation reflect the ample and good faith basis for Griesing to proceed even after Kleinbard's March 2023 settlement offer.

## II. RELEVANT BACKGROUND

### A. Griesing's Extensive Communications with OGC Reflect Its Good Faith Efforts to Ascertain Amounts Owed to It by Kleinbard.

Griesing's Complaint filed in this action details the Griesing Firms' persistent efforts to ascertain precisely whether it had been cut out of Commonwealth legal services work where the firm was the mandated SDB subcontractor, including with respect to serial Subcontracts with Kleinbard. (ECF No. 1 ¶¶ 59-111 & Exhibits K & L (with attachments ). These efforts were unrelenting despite the flaws in the Commonwealth's tracking systems, the OGC's land BDISBO's lack of diligence in monitoring or enforcing the diversity procurement law and regulations promulgated by gubernatorial executive orders, the Department of General Services, of which BDISBO was a constituent agency, and OCG. The Griesing Firm was particularly concerned that Kleinbard had not honored its obligations to Griesing and repeatedly endeavored to engage Kleinbard in a productive dialogue and to ensure Griesing could participate as required and as the firm was consistently ready, willing and able to do. The particulars of these efforts by Griesing to work with Kleinbard, BDISBO

4

and OGC was amply documented in the Complaint and accompanying exhibits. Bringing this action was a last resort and not one taken lightly. To avoid the potential running of limitations periods, and only after Kleinbard ignored OGC's repeated communications and OGC's efforts to engage Kleinbard in accepting Griesing's offer to enter a tolling agreement, did Griesing file suit.

As of the August 18, 2022 filing of the Complaint, Griesing included all of the efforts it had made to confirm the amount owed to it by Kleinbard. Those efforts did not end there. Griesing continued to seek the information from the OGC and from Kleinbard through discovery. Commonwealth First Deputy General Counsel testified at his deposition on May 25, 2023, that even as of March 2, 2023, less than two weeks before Kleinbard made its March 16, 2023 proffer, OGC was giving Griesing incorrect information about the legal fees the Commonwealth paid to Kleinbard on RFPS for which Griesing was the SDB Subcontractor, representing to Griesing that Kleinbard owed Griesing fees on three RFPs including the one that Kleinbard disavowed in the October 31, 2022 letter.[2]

There is no genuine dispute as to Griesing's efforts to obtain complete and accurate information from OGC and Kleinbard and Kleinbard's failure to honor its commitments to the firm necessitating costly and time-consuming litigation, which

---

[2] In compliance with The Honorable Paul S. Diamond's Standing Order (ECF No.11), Plaintiff is not attaching relevant exhibits to this Reply Brief, however, Plaintiff will provide them should the Court so request.

is still ongoing two years after Griesing was forced to commence it to collect monies indisputably owed to it by Kleinbard.[3]

## II. LEGAL ARGUMENT

### A. Griesing Is Likely to Prevail on its Contract Claims

The standards articulated by the Third Circuit for assessing the propriety of a stay and the sliding scale to be applied in evaluating their relative merit, are previously discussed in the Motion for Stay. *See* Motion or Stay, Mem. at 8-24. Kleinbard's arguments do not overcome the weighty presentation by Griesing in its moving papers. The fact that Kleinbard disagrees with Griesing on its arguments or this Court ruled otherwise does not preclude a stay or mandate a finding that Griesing did not make a strong showing of likelihood of success on the merits. If that were the case, the Third Circuit would have no pending appeals and would never grant relief from the district court's determination.

In its opposition to a stay pending appeal, Kleinbard relies heavily on its argument that Griesing is not likely to prevail on the merits. Kleinbard urges the Court that Griesing did not make a convincing presentation as to its challenge to the

---

[3] Indeed, although Kleinbard admitted to OGC as early as October 31, 2022, that it had not paid Griesing and another woman owned SDB Subcontractor, they clearly knew or should have known this information before that. Indeed, the voicemail from their outside counsel referenced in the Motion for Stay, Mem. at _23 reflects that they knew this information at least right after the Complaint was filed on August 18, 2022. Notwithstanding that the Complaint attached several signed contracts between the parties, Kleinbard filed a Motion to Dismiss the Contract Claims on October 13, 2022, and persisted with that motion filing a Reply on November 8, 2022, eight days after Kleinbard wrote to OGC admitting it had not paid Griesing or the other firm. By that point, they were merely prolonging the litigation to disadvantage Griesing. If anything, it is Kleinbard's actions that warrant sanctions.

Court's determination that Griesing failed to exhaust administrative remedies. Griesing submits otherwise. There is no genuine dispute that the OGC never sent Griesing the March 10, 2022 Letter, which this Court deemed is a final determination on the merits necessary to trigger a right to appeal to the Board. Further, neither Kleinbard nor this Court have cited to a single case that stands for the proposition that the Board of Claims has jurisdiction over a dispute between private parties where the Commonwealth has no exposure to liability. Kleinbard persists( and the Court agreed) to focus on Griesing's status as a third party beneficiary to contracts between Kleinbard and the Commonwealth. Count I of the Complaint is a direct claim against Kleinbard involving Subcontracts to which the Commonwealth is not a party and under which it has no liability. In the absence of potentially infringing upon sovereign immunity, the Board of Claims has no authority. Further, before Kleinbard proffered its March 16, 2023 settlement offer and check, Griesing did not know that (1) Kleinbard wrote to OGC on October 31, 2022, questioning the accuracy of information from OGC that Griesing relied upon in pursuing its claims and questioning one RFP in particular; and (2) Kleinbard and OGC exchanged written communications about this perceived discrepancy between what OGC continued to tell Griesing about what was owed to the firm and that Kleinbard thought one of the RFPs had another woman-owned SDB other than Griesing; (3) OGC notified Kleinbard by March 10, 2023 letter, that if Kleinbard's information

was accurate, on which OGC was relying (without making its own assessment), then based on simple subtraction, Kleinbard owed Griesing fees to address the deficiency. Kleinbard also contends as another ground for seeking sanctions that Griesing did not need discovery Griesing sought in this litigation. Griesing disagrees and submits that the record amply demonstrates why the discovery was essential and should have been provided.

Griesing sought this discovery for proper purposes, *inter alia*, (1) to confirm how much Kleinbard owed the Griesing Firm on the contracts the OGC had flagged so far; (2) whether there were other contracts for which Griesing was owed money; (3) how much Kleinbard received in fees from the Commonwealth on any contracts where Griesing was the SDB Subcontractor; and (4) the dates and amounts of fees paid to Kleinbard in order for Griesing to calculate interest owed to it under the procurement law as payments to Griesing as subcontractor were due within 14 days after Kleinbard received payment. Griesing urgently needed and sought this information in discovery because Griesing did not have that information or any other way to obtain it. Kleinbard evaded Griesing and the OGC's repeated entreaties to provide the information both before and after the action was commenced. As set forth in the Motion to Stay and in Plaintiff-Appellant's Brief to the Third Circuit, previously provided to the Court, this meets the standard of a strong showing of

likelihood of success on the merits.[4]

### 2. Griesing is Likely to Prevail on Its Tort Claims

Kleinbard gives short shrift to the Third Circuit's decision in *SodexoMagic v. Drexel University*, 24 F4th 183 (3d Cir. 2022), which controls this case. Although Kleinbard belittles Griesing's arguments, *SodexoMagic* still stands for the proposition that under Pennsylvania law, the gist of the action doctrine does not bar tort claims arising out of extra-contractual and precontractual duties. There is no genuine dispute that Kleinbard breached multiple contracts with Griesing (and the Commonwealth). There is also no question, that the Tort Claims allege misconduct *in addition to* the contract breaches. As set forth with particularity in the Motion for Stay and appellate brief provided to the Court, Griesing alleged (and there is ample documentary evidence) that Kleinbard fraudulently induced Griesing to continue to enter serial agreements by misrepresenting and concealing from Griesing material information on which Griesing relied in continuing to subcontract. That is analogous to the facts in *SodexoMagic*. This Court should stay this matter and defer to the Third Circuit to determine whether indeed the principles the Third Circuit articulated in *SodexoMagic* compel the reinstatement of the Tort Claims here. Griesing has made a strong showing that meets the requirements to warrant a stay.

---

[4] The appeal includes a challenge to the Court's denial of Griesing's application to conduct additional discovery on the issues to respond to Kleinbard's dispositive motion.

### B. Attorney Negovan and Griesing Will Suffer Irreparable Harm Barring a Stay.

Kleinbard's only basis for opposing the stay as to potential harm is that it will be delayed in obtaining payment. Assuming that Kleinbard is ultimately awarded the relief it seeks, the only impact will be a delay in receipt of money. It will not harm their reputation or otherwise impact them. Given their admitted breaches here, and the fact that Kleinbard still has over $26,000 of Griesing's money, such delay could cause no harm to Kleinbard.

In contrast, the award of sanctions against an attorney and a law firm has lasting reporting requirements and reputational harm that cannot be cured by an eventual reversal on appeal.

### C. Kleinbard Has Not Demonstrated any Genuine Harm to the Firm or the Public if a Stay is Granted.

This situation presents a compelling case for stay in the interest of no harm to the opposing party or to the public interest. Kleinbard does not identify any real harm to it or the public that will be jeopardized by a stay. In contrast, absent a stay, the parties are likely to be embroiled in additional duplicative proceedings before the Third Circuit, embroiling them and the judicial system in unnecessary work and expense. Griesing has demonstrated that the weight of the sliding scale factors militates in favor of a stay, including avoiding protracted litigation by permitting the Third Circuit to opine on the issues.

## IV. CONCLUSION

On this record, not only are sanctions unwarranted, but Plaintiff respectfully submits that this matter is properly before the Third Circuit and should not proceed further until the appellate court opines on the issues before it. Griesing has fully satisfied the four factors that warrant imposing a stay of proceedings pending disposition of the Appeal on the merits: (1) strong showing on likelihood of prevailing on the merits; (2) irreparable harm to the movant; (3) potential harm to any other interested party; and (4) the public interest. Griesing has also compellingly demonstrated a reasonable and probable likelihood for success on Appeal on at least one of the issues before the Third Circuit, and has met the requisite showing of irreparable harm in the absence of a stay. Kleinbard has not demonstrated a strong showing to the contrary on any of the four factors. For the above-stated reasons and those set forth in greater detail in Plaintiff's Motion for Stay, the Motion should be granted. Alternatively, should this Court deny a stay of proceedings pending disposition of the Appeal, Griesing respectfully requests that this Court enter a brief stay to permit Griesing to appeal the denial of the stay to the Third Circuit.

Dated:  September 18, 2024

Respectfully submitted,

GRIESING MAZZEO LAW, LLC

<u>/s/Francine Friedman Griesing, Esq.</u>
Francine Friedman Griesing, Esq.
Jessica L. Mazzeo, Esq.
Identification Nos. 48982; 331227
1800 John F. Kennedy Blvd., Suite 460
Philadelphia, PA 19103
Main: (215) 618-3720
fgriesing@griesingmazzeo.com
jmazzeo@griesingmazzeo.com

Julie Negovan Esq.
7101 W. Commercial Blvd, Suite 4B
Tamarac, FL 33319
Office: 305-389-5800
Cell: 215-431-9295
Julie@negovanlaw.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, I caused to be served upon all counsel of record, a true and correct copy of the foregoing Plaintiff's Reply Memorandum of Law in Opposition to Defendant Kleinbard LLC's Response to Plaintiff's Motion For Stay Pending Appeal and in Further Support Thereof, using the Court's CM/ECF Filing System.

*/s/ Francine Friedman Griesing*
Francine Friedman Griesing