IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRIESING LAW, LLC,<br>    Plaintiff,<br>v.<br><br>KLEINBARD LLC,<br>    Defendant. | CIVIL ACTION NO. 2:22-cv-03302-PSD |

## NOTICE OF APPEAL

Notice is hereby given that Griesing Law, LLC, Plaintiff in the above captioned matter, appeals to the United States Court of Appeals for the Third Circuit from the Order Denying Plaintiff's Motion for Stay Pending Appeal entered in this action on September 23, 2024, ECF No. 71. A true and correct copy of the September 23, 2024 Order (ECF No. 71), is attached hereto as Exhibit "A".

Dated: September 24, 2024

                                    GRIESING MAZZEO LAW, LLC

                                    <u>/s/ Francine Friedman Griesing, Esq.</u>
                                    Francine Friedman Griesing, Esq. (48982)
                                    Jessica L. Mazzeo, Esq. (331227)
                                    1800 John F. Kennedy Blvd., Ste 460
                                    Philadelphia, PA 19103
                                    (215) 618-3720
                                    fgriesing@griesingmazzeo.com
                                    jmazzeo@griesingmazzeo.com

                                    Julie Negovan Esq.
                                    7101 W. Commercial Blvd, Suite 4B
                                    Tamarac, FL 33319
                                    Office: 305-389-5800 | Cell: 215-431-9295
                                    Julie@negovanlaw.com
                                    ***Attorneys for Plaintiff***

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRIESING LAW, LLC,** : | |
| Plaintiff, : | |
| : | |
| v. : | Civ. No. 22-3302 |
| : | |
| **KLEINBARD LLC,** : | |
| Defendant. : | |

**O R D E R**

On February 7, 2023, I dismissed tort claims brought by Griesing Law, LLC against Kleinbard, LLC. (Doc. No. 20.) On April 25, 2024, I granted Kleinbard's motion to dismiss the remaining breach of contract claim as moot. (Doc. No. 47.) The Griesing firm's appeal of those decisions is presently pending before the Third Circuit. On May 3, 2024, Kleinbard moved for sanctions under 28 U.S.C. § 1927 against Julie Negovan, who represented Griesing—and was then employed by the firm—in the tort and breach of contract action. (Doc. No. 48.)

**Jurisdiction**

I have jurisdiction to consider sanctions while Griesing's appeal is pending, because Kleinbard's Motion is collateral to the appeal. Mary Ann Pensiero v. Lingle, 847 F.2d 90, 98 (3d Cir. 1988).

**Stay Request**

The Parties have extensively briefed the sanctions question. (Doc. Nos. 48, 53, 54, 55.) On September 9, 2024, I ordered that a hearing on Kleinbard's Sanctions Motion take place on September 26, 2024. (Doc. No. 60.) Only then, some four months after Kleinbard sought sanctions, did Griesing and Ms. Negovan move for a stay of "the proceedings" pending the Third Circuit's decision. Griesing and Ms. Negovan argue that they have met all the well-settled stay

requirements. (Doc. No. 66.1 at 8-11); see also Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991) ("(1) whether the stay applicant has made a strong showing that [he/she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies").

In my February 7, 2023 and April 25, 2024 Orders, I rejected the arguments Griesing now makes on appeal. In these circumstances, I find that Griesing has not made a strong showing that it is likely to prevail on appeal.

I will also address only the absence of irreparable harm factor. Revel AC, Inc. v. IDEA Boardwalk LLC, 802 F.3d 558, 570 (3d Cir. 2015) (holding "the first two factors are the most critical"). Griesing and Ms. Negovan urge that were I to grant Kleinbard's Motion, they would suffer irreparable reputational harm, even if the Third Circuit reversed my decisions. (Doc. No. 66.1 at 18-21.) The stay request is premature.

The September 26, 2024 hearing will allow the Parties and the Court to address a number of matters. First, it will give Ms. Negovan and the Griesing firm the opportunity to be heard before I decide Kleinbard's Sanctions Motion. I do not know what evidence and argument will be presented. The Sanctions Motion has triggered factual disputes, including questions regarding Ms. Negovan's state of mind when she took actions that are the subject of the Motion. The evidence and argument presented on September 26 could thus give rise to additional factual disputes whose resolution may well require a second hearing date. Moreover, the Sanctions Motion relates events going back to 2015. It would be prudent to require the Parties to present all relevant evidence and complete the record before more time passes. See Coello v. Dileo, 43 F.4th 346, 351 (3d Cir. 2022) (an action should not be permitted to "slumber until evidence has been lost, memories have

faded, and witnesses have disappeared" (quoting CTS Corp. v. Waldburger, 573 U.S. 1, 8-9 (2014))).

There is no immediacy respecting my decision on sanctions. Once the record is complete, I intend to order the Parties to submit proposed findings and conclusions, and then to respond to each other's conclusions. Only after they have done so will the matter be ripe for decision. If the Third Circuit has not decided Griesing's appeal by that time, the firm may then renew its stay request.

**Conflict of Interest**

Finally, the September 26 hearing is necessary so that I may consider a possible conflict of interest. It is unclear from the Griesing firm's most recent filings whether attorneys Francine Griesing and Jessica Mazzeo—the firm's co-owners when Ms. Negovan was their employee and took her challenged actions—presently represent Ms. Negovan. If Ms. Griesing or Ms. Mazzeo directed Ms. Negovan to take those actions, or approved of them, this could well give rise to an actual or potential conflict of interest. This matter thus may not proceed further until the question of counsel is answered. If Ms. Negovan informs me that she has other counsel, or is representing herself, there is no actual or potential conflict. If Ms. Negovan is represented by Ms. Griesing or Ms. Mazzeo, the law requires me to determine whether Ms. Negovan will waive any potential or actual conflict; I must then decide whether to accept the waiver. See Century Indem. Co. v. Congoleum Corp., 426 F.3d 675, 691 (3d Cir. 2005) ("Although concurrent conflicts may be waived . . . the effect of a waiver, particularly a prospective waiver, depends on whether the clients have given truly informed consent."); cf. Wheat v. United States, 486 U.S. 153, 162 (1988) ("[W]here a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver . . . ."); see also Pa. Rules of Pro. Conduct 1.7(b) & cmt. 22 (a waiver

of a conflict of interest cannot be effective "if the circumstances that materialize in the future are such as would make the conflict nonconsentable"); E.D. Pa. Civ. R. 83.6(IV)(B) (incorporates the Pennsylvania Rules of Professional Conduct).  If Ms. Griesing or Ms. Mazzeo represents Ms. Negovan, and Ms. Negovan waives any actual or potential conflict, and I accept the waiver, the hearing will go forward.

## Conclusion

It appears that Griesing and Ms. Negovan seek a stay because they wish to avoid the September 26 hearing. As they offer no grounds to stay the hearing, I will deny their Motion without prejudice.

*   *   *

**AND NOW**, on this 23rd day of September, 2024, the Motion to Stay (Doc. No. 66) is **DENIED without prejudice.**

**AND IT IS SO ORDERED**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.

## **CERTIFICATE OF SERVICE**

I, Francine Friedman Griesing, Esquire, hereby certify that on the date below, the foregoing Notice of Appeal was electronically filed and served upon all counsel of record via this Court's electronic filing system.

Dated:  September 24, 2024

*/s/ Francine Friedman Griesing, Esq.*
Francine Friedman Griesing, Esq.
