IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRIESING LAW, LLC,** | |
| Plaintiff, | CIVIL ACTION |
| v. | No. 2:22-cv-03302 |
| **KLEINBARD LLC,** | |
| Defendant. | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN
FURTHER SUPPORT OF KLEINBARD LLC'S
MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927**

Defendant Kleinbard, LLC ("Kleinbard") has moved for sanctions against attorney Julie Negovan under 28 U.S.C. § 1927 for her bad faith conduct in unnecessarily multiplying these proceedings. Kleinbard submits this Supplemental Memorandum of Law to clarify that the sanction imposed should include Kleinbard's costs incurred in bringing the sanctions motion—put simply, "fees-on-fees."[1]

**I.   INTRODUCTION**

Attorney Negovan inexplicably refused to accept Kleinbard's offer of $26,418.85 to end this matter in March of 2023. That refusal necessitated Kleinbard to respond to a slew of unnecessary and legally infirm briefing, as well as participate

---

[1] These fees and costs will be fully detailed in a fee petition and supporting affidavits if the Court grants Kleinbard's Motion for Sanctions under 28 U.S.C. § 1927.

in multiple depositions and a settlement conference. Indeed, this Court wrote in its April 25, 2024, order that Kleinbard's "offer is where the case should have ended." (Doc. 47). Attorney Negovan's conduct is therefore sanctionable under 28 U.S.C. § 1927, as Kleinbard argued in its moving brief.[2] Kleinbard submits this supplemental brief to clarify, and give Attorney Negovan an opportunity to respond to, its request that the sanction imposed include costs Kleinbard has incurred in bringing the Section 1927 motion (fees-on-fees).

**II.    ARGUMENT**

    **A.    Fees-on-fees are Recoverable under 28 U.S.C. § 1927 As Fees "Incurred Because of" Attorney Negovan's Sanctionable Conduct.**

Fees-on-fees are an appropriate sanction under 28 U.S.C. § 1927, the purpose of which is to compensate victims of attorney malfeasance. They should therefore be imposed here.

    Federal circuit courts have held that Section 1927 is a fee-shifting provision that permits an award of fees-on-fees. *See, e.g.*, *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017); *Norelus v. Denny's Inc.*, 628 F.3d 1270, 1297-1302 (11th Cir. 2010). This conclusion makes sense based on Section 1927's plain language. The statute empowers courts to issue a sanction that includes the excess "costs, expenses, and attorneys' fees" that the party victimized by the sanctionable conduct "incurred because of such conduct." 28 U.S.C. § 1927. Without

---

[2] Kleinbard incorporates by reference its moving brief (Doc. 48), as if set forth fully herein.

an attorney's sanctionable conduct, a party would not incur fees to litigate a sanctions motion under 28 U.S.C. § 1927. The fees-on-fees are thus "in the statute's terms, 'incurred because of [the sanctionable conduct].'" *Blixseth*, 854 F.3d at 631 (citing 28 U.S.C. § 1927) (alteration in original).

The Third Circuit has interpreted a similarly worded statute to allow for fees-on-fees. In *Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3d Cir. 1998), the court was tasked with interpreting whether under the Prison Litigation Reform Act ("PLRA"), an attorney who has successfully represented a prisoner in a civil rights action is entitled to attorney fees for time spent on the fee petition, *i.e.* fees-on-fees. *Id.* at 198. The PLRA allowed for fees "directly and reasonably incurred in proving an actual violation of the plaintiff's rights" and are either proportionately related to the court ordered relief for the violation or . . . directly and reasonably incurred in enforcing the relief ordered . . ." The Court held that fees on fees must be included in the meaning of fees "directly and reasonably incurred in proving an actual violation of the plaintiff's rights," language that parallels 28 U.S.C.§ 1927. It explained that a contrary construction would unjustly diminish the attorney's fee to which a party is entitled by law. ("[D]isallowing plaintiffs to collect 'fees on fees' would directly contravene the Congressional purpose behind the PLRA of minimizing frivolous litigation and preserving judicial resources for meritorious claims."). That logic applies with equal force here.

But for Attorney Negovan engaging in sanctionable conduct, Kleinbard would not have incurred expense in bringing a sanctions motion before this Court to highlight and seek redress for that conduct. *Norelus*, 628 F.3d at 1298 ("[W]ere there no sanctionable conduct, there would have been no proceeding to impose sanctions, and no fees incurred in that proceeding."). Fees-on-fees are thus an appropriate sanction.

### B. This Brief Gives Attorney Negovan the Notice Necessary for this Court to Award Kleinbard its Fees-on-Fees

This Court has implicitly recognized that fees-on-fees are an appropriate sanction under Section 1927, so long as the sanctioned party is on notice. *Marino v. Usher*, Civ. No. 11-6811, 2014 WL 12606155 (E.D. Pa. Aug. 28, 2014) (Diamond, J). The notice requirement is fundamental to procedural due process. *See Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995) (internal citations omitted) ("[T]he fundamental requirements of due process—notice and an opportunity to respond—must be afforded before any sanction is imposed. With regard to sanctions, particularized notice of the grounds for the sanction under consideration is generally required."). Kleinbard intends this supplemental brief to give Attorney Negovan "particularized notice" that it requests fees-on-fees, along with the other costs and expenses outlined in its moving brief.

In *Marino*, this Court denied a party's request for fees-on-fees in connection with a Section 1927 motion for lack of particularized notice to the sanctioned party

regarding what the sanctions award would ultimately include. *Marino*, 2014 WL 12606155, at *1. There, the Court had already entered an order stating that the sanction it imposed would be limited to "the increased attorneys' fees, costs, and expenses arising from [a deposition]." *Id.* The lack of particularized notice to the party facing sanctions that those sanctions might include fees-on-fees was the only impediment the Court raised to their imposition. *Id.* That will not be the case here given this briefing.

## III. CONCLUSION

Therefore, Kleinbard respectfully requests that the Court grant its Motion for Sanctions Pursuant to 28 U.S.C. § 1927 and award it, against Julie Negovan its increased attorneys' fees, costs, and expenses arising from all proceedings after service of the March 16, 2023, letter and related payment, which includes fees incurred in bringing the sanctions motion.

Dated: September 25, 2024

        Respectfully submitted,

        **POLSINELLI PC**

        s/ Patrick J. McCabe
        Patrick J. McCabe, Esq.
        pmccabe@polsinelli.com
        Nipun J. Patel, Esq.
        npatel@polsinelli.com
        Three Logan Square

1717 Arch Street, Suite 2800  
Philadelphia, PA 19103  
(215) 2267-3031

*Attorneys for Defendant*